UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHAMEIKA HAYES                                    CIVIL ACTION NO.

VERSUS                                            20-881-BAJ-EWD

JOSE CAVAZOS, ET AL.

### NOTICE AND ORDER

This is a civil action involving claims for damages allegedly sustained by Shameika Hayes ("Plaintiff") as a result of a motor vehicle collision that occurred on or about November 27, 2019.[1] Specifically, Plaintiff claims that while traveling as a guest passenger in a vehicle driven by Shaquill Porter ("Porter"), a vehicle driven by Jose Cavazos ("Cavazos") "violently collided with the rear of [Porter's] vehicle causing a chain reaction of collisions, forcing the Porter vehicle to collide with the [Scotty] Boudreaux vehicle."[2] Plaintiff also claims that, at the time of the collision, (a) Cavazos was "in the course and scope of his employment" with Expasa Trucking, Inc. ("Expasa Trucking"), and (b) United Wisconsin Insurance Company ("United") "had in full force and effect a policy of comprehensive automobile liability insurance and/or excessive liability insurance, providing coverage" to Cavazos and Expasa Trucking.[3] On or about November 19, 2020, Plaintiff filed her Petition for Damages ("Petition") against Cavazos, Expasa Trucking, and United (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[4] Expasa Trucking and United removed the matter on December 29, 2020, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[5]

---

[1] *See, generally*, R. Doc. 1-2.
[2] *Id*. at ¶¶ 4-7.
[3] *Id*. at ¶¶ 6, 15.
[4] *Id*.
[5] R. Doc. 1, ¶ 22.

1

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. While it appears that the amount in controversy requirement is satisfied,[6] the Court cannot determine whether complete diversity exists because the allegations regarding United's citizenship are deficient.[7]

In the Notice of Removal, Expasa Trucking and United allege that United is "a foreign insurance company and a citizen of Wisconsin. It is not a citizen of the state of Louisiana."[8] Likewise, the Petition simply states that United is a "foreign insurance company domiciled in Wisconsin, that is authorized to do and doing business in the State of Louisiana."[9] Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"[10] Additionally, "allegations phrased in the negative are insufficient" to establish the

---

[6] In the Notice of Removal, Expasa Trucking and United allege (1) that Plaintiff "has already incurred $46,651.00 in past medical expenses and that she will incur $146,657.00 in future medical expenses," and (2) that Plaintiff "provided Defendants with a copy of a demand and medical records…[and] is seeking $500,000.00 in damages." R. Doc. 1, ¶¶ 6, 8, and R. Doc. 1-3. Based on these allegations, it is likely that Plaintiff's damages exceed $75,000, exclusive of interest and costs. Thus, the amount in controversy requirement appears to be satisfied. *See, e.g.*, *Lilly v. Dollar General Corp.*, 2017 WL 4836539, at * (M.D. La. Sept. 18, 2017) ("This Court has previously held that the amount sought in a pre-removal settlement demand letter is valuable evidence to indicate the amount in controversy at the time of removal. While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, it can be inferred from several Fifth Circuit cases that such practice is permissible when the settlement offer reflects an honest assessment of the value of plaintiff's claims." (internal quotations and citations omitted)).

[7] In the Notice of Removal, Expasa Trucking and United alleged (1) that Plaintiff is "domiciled and is a resident/citizen of East Baton Rouge Parish, the State of Louisiana," (2) that Cavazos is "domiciled in and is a citizen of Mexico," (3) that Expasa Trucking is "a corporation organized and with its principal office in the state of Texas." R. Doc. 1, ¶¶ 18-20. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient."); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"); *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Accordingly, Expasa Trucking and United have sufficiently alleged the citizenships of Plaintiff, Cavazos, and Expasa Trucking.

[8] *Id*. at ¶ 21.

[9] R. Doc. 1-2, at ¶ 1(B).

[10] *See also, Getty Oil*, 841 F.2d at 1259.

citizenship of a party for diversity purposes.[11] Neither the Notice of Removal nor the Petition adequately alleges the place of incorporation and principal place of business of United.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity among the parties.[12]

Accordingly,

**IT IS ORDERED** that **by no later than January 13, 2021**, Expasa Trucking and United shall file a comprehensive Amended Notice of Removal, that contains all their numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of United, as described in this Notice and Order.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on January 6, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] *Truxillo v. American Zurich Ins. Co.*, No. 16-639, 2016 WL 6987127, *6 (M.D. La. Oct. 24, 2016) (internal citations omitted).
[12] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").